IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIANA A. BALTAZAR,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.  1:23-CV-467-MJT-CLS |
| | § | |
| SANTANDR CONSUMER USA, and SURE SHOT RECOVERY,<br>*Defendants*. | §<br>§<br>§<br>§ | |

### REPORT AND RECOMMENDATION ON *SUA SPONTE* DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO 28 U.S.C. §1915(e)(2)

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

**I. Legal Standard**

28 U.S.C. § 1915(e)(2) provides for *sua sponte* dismissal of a complaint filed *in forma pauperis* if the court determines at any time the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) ("A district court must *sua sponte* dismiss an IFP complaint in a civil action at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.").

A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  A claim lacks an

arguable basis in law when it is based on an indisputably meritless legal theory or when it describes "fantastic or delusional scenarios." *See Neitzke*, 490 U.S. at 327–28; *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (stating the standard for determining frivolity under Section 1915, which includes determination of whether the facts alleged are "clearly baseless," meaning that the allegations are "fanciful," "fantastic," or "delusional."). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

A *pro se* litigant and his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). That said, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**II. Discussion**

On December 21, 2023, *pro se* Plaintiff filed her complaint alleging Defendants improperly repossessed her car by failing to comply with Plaintiff's unilateral terms set forth in her "First Tier Instructions," "Second Tier Opportunity to Cure," and "Third Tier Default Judgment" letters. (Doc. #1.) These letters purported to discharge Plaintiff of any debt she had on the car. (*Id.* at 6-7.) In failing to agree to her unilateral terms, Plaintiff alleges Defendant Santander "refused to abide by Federal Reserve Act 16 and are in violation by Section 19." (*Id.* at 7.) Plaintiff is requesting over six-eight million dollars in damages. (Doc. #1 at 11.) The undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis* on December 28, 2023. (Doc. #3.)

The undersigned recommends dismissal because Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit. *See* 28 U.S.C. §1915(e)(2); *Weatherton v. Am.'s Most Wanted*, No. 09-0111-BAJ-DLD, 2010 WL 4668965, at *1 (M.D. La. 2010) (citing *Hagans v. Lavine*, 415 U.S. 528 (1974)). Plaintiff offers no valid legal basis supporting a cause of action against Defendants. Plaintiff briefly and vaguely references letters she sent to Defendant Santander, but fails to sufficiently state how these unilateral communications impact any existing debt obligations she may or may not owe. Notably, "the Federal Reserve Act does not create a private cause of action." *Escobar v. All. Credit Union*, No. 5:23-CV-125-H-BQ, 2023 WL 8720903, at *2 (N.D. Tex. Nov. 30, 2023), *R&R adopted*, No. 5:23-CV-125-H-BQ, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023). Plaintiff's alleged basis for legal relief is not only speculative but highly improbable. Swift dismissal is warranted to avoid further expenditure of judicial resources on a frivolous proceeding. *See Kimberly v. Kardashian*, No. 12-cv-1811, 2012 WL 2947592, at *4 (W.D. La. July 9, 2012).

### III. Recommendation

For the foregoing reasons, the undersigned recommends this action be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2).

### IV. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 27th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE